Filed 3/13/14  P. v. Lopez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE ANDREW LOPEZ,<br><br>    Defendant and Appellant. | B247828<br><br>(Los Angeles County<br>Super. Ct. No. SA080638) |

THE COURT:[*]

A jury convicted appellant George Andrew Lopez of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and battery with serious bodily injury (§ 243, subd. (d)).  Appellant's motion to reduce both counts to misdemeanors was heard and denied without prejudice.  The trial court sentenced appellant to three years formal probation on the condition, inter alia, that appellant spend 180 days in county jail.

---

[*]    BOREN, P. J ., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]    All further references to statutes are to the Penal Code, unless stated otherwise.

## FACTS

On April 19, 2012, appellant was working as the project manager of a large renovation project at the Crowne Plaza Hotel in Los Angeles. Appellant supervised the various subcontractors working on the project. Eduardo Troncoso Aguayo, a supervisor for Precision Wallcoverings, was working with two members of his painting crew, Ricardo Amaro and Daniel Carmelo Cucurullo, on the seventh floor of the hotel. Appellant approached Amaro and yelled, "Where the fuck is Eduardo?" Amaro responded that he did not know and appellant walked away.

Shortly thereafter, Aguayo found appellant in one of the rooms being renovated and asked appellant, "What's going on?" Appellant responded, "What the fuck is going on? It's not ready. What should I do? You're a fuckin' asshole. This thing must be ready right now. The painters are leaving, and the project need [*sic*] to be done." Aguayo became afraid and left the room. Appellant followed Aguayo into the hallway and continued to swear at him. Appellant told Aguayo that he needed to speed up his painting crew because they had fallen behind schedule. Aguayo told appellant to calm down. He said, "If you have a problem, call the office" and turned around and walked away from appellant. As Aguayo walked away, appellant kicked an empty box in his direction. Aguayo turned to face appellant, dropped the caulking gun and putty knife he was holding, and yelled, "What's going on?" Appellant then ran towards Aguayo and hit him on the left side of his face near his eye with a plastic and metal coffee mug. Aguayo heard a crack and felt severe pain inside his head. The coffee spilled on Aguayo and burned him. The plastic covering of the coffee mug was smashed and the metal liner was a little crushed. Appellant and Aguayo began to wrestle with each other but members of the painting crew separated them. Cucurullo testified that appellant approached Aguayo after they had been separated and said, "I'm real sorry. I should never do that."

Ronald Martinez, was the emergency room physician assistant who treated Aguayo at Queen of the Valley Hospital. When he was examined at the hospital, Aguayo had acute left facial and head contusions, concussion syndrome, and an acute fracture of

2

the orbital area of the left eye. Aguayo was released with instructions to seek additional treatment for his eye and neck injuries. When he returned to the emergency room two days later, he was suffering from various complaints including severe headache, pain in his left eye, neck and shoulder, and buzzing in his left ear. At trial, Aguayo testified he still suffered from his injuries and was receiving medical attention. He had not worked since the incident.

Appellant testified on his own behalf. Prior to the incident on April 19, 2012, appellant had two encounters with Aguayo. Appellant was notified by the fire department that Aguayo and other workers were parked in the fire lanes behind the hotel. After the workers moved their vehicles, Aguayo re-parked his truck in the fire lane. Appellant told Aguayo his truck would be towed if he did not move it. Aguayo complied without any threat of violence by appellant. On another occasion, Aguayo and two men from a crew installing vanities were engaged in a confrontation. Appellant resolved the conflict without a fight.

On April 19, 2012, appellant told Aguayo that the project was running two days behind schedule because of Aguayo's painting crew. Appellant was frustrated and swore at Aguayo but did not threaten him with violence. Appellant asked Aguayo why the painters were not finished and Aguayo told him to call the office. Appellant kicked a box in frustration. The box did not strike Aguayo. Aguayo turned to face appellant and dropped his tools. Aguayo threw up his hands and charged at appellant. Aguayo grabbed appellant's upper arms and pinned him against the wall. Appellant had a pre-existing shoulder injury which was very painful. Appellant's left hand was in his sweatshirt pocket and he was unable to move it. Appellant instinctively swung his right hand in which he was holding a coffee mug and hit Aguayo in the head. Aguayo released appellant and some members of the painting crew broke up the fight. Appellant apologized to Aguayo because he was the supervisor of the project and knew he should have kept a "cool head."

3

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On October 29, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.